**ZHEN HUI TIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–2808–ag.

United States Court of Appeals, Second Circuit.

Jan. 5, 2009.

Sheema Chaudhry, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## SUMMARY ORDER

Petitioner Zhen Hui Tian, a native and citizen of the People's Republic of China, seeks review of a May 23, 2008 order of the BIA affirming the July 19, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Hui Tian,* No. A200 115 030 (B.I.A. May 23, 2008), *aff'g* No. A200 115 030 (Immigr. Ct. N.Y. City July 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ We conclude that the BIA did not err in finding that Tian failed to establish his eligibility for asylum. In *Shi Liang Lin v. U.S. Dep't of Justice,* we held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d 296, 314 (2d Cir. 2007). Rather, those persons may qualify for refugee status if they "can prove past persecution, or a fear of future persecution for 'resistance' that is directly related to [their] own opposition to a coercive family

planning policy." *Id.* at 313. Thus, the BIA properly determined that Tian is not eligible for relief based solely on his wife's alleged forced abortion. *See id.* at 314; *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (holding that a claim based solely on the forced sterilization of petitioner's wife is "doomed"); *accord Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007) (same).

■ While Tian's confrontation with family planning officials may constitute "resistance" to a coercive population control program, Tian fails to show that he suffered past persecution on account of that resistance.[1] *See* 8 U.S.C. § 1101(a)(42); *Matter of S–L–L–,* 24 I. & N. Dec. 1, 10–11 (B.I.A.2006), overruled on other grounds by *Shi Liang Lin,* 494 F.3d at 309–10. While Tian claims that he was "beaten on his belly and arm" by three family planning officials and that he "sustained injuries on his hands," he fails to demonstrate mistreatment that rises to the level of persecution where Tian does not allege that he sought medical treatment for his injuries or that the mistreatment resulted in any permanent injury. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). Moreover, during the hearing, Tian was informed that the issue of whether spouses of those who had forced abortions were *per se* eligible for asylum was pending before the BIA. When prompted by the IJ about the open legal question, Tian's counsel stated that she did not wish to continue Tian's case until the BIA rendered an opinion, and Tian did not provide additional details about his past harm. *See Shu Wen Sun,* 510 F.3d at 381 n. 5 (noting that the factual record was "adequately developed" regarding the petitioner's own alleged resistance to family plan-

1. Because Tian does not assert that he has a well-founded fear of persecution before either the BIA or this Court, we deem any such

argument abandoned. *See Gui Yin Liu,* 508 F.3d at 723 n. 6.

ning officials). Accordingly, the BIA did not err in denying Tian's asylum application.

Finally, because Tian fails to argue in his brief to this Court that he is eligible for withholding of removal or CAT relief, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.